UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN,

    Petitioner,

v.                                    Case No. 3:23-cv-1251-MMH-LLL

JOSEPH BUCCI,

    Respondent.

## ORDER

Petitioner Danny Richard Dustin, a pretrial detainee at the Clay County Jail, initiated this action on October 20, 2023, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). Dustin is proceeding on an Amended Petition (Doc. 4) with a supplement (Doc. 5). On March 23, 2020, the State of Florida charged Dustin with one count of second-degree murder, and he is currently in pretrial custody. See State v. Dustin, No. 2020-CF-000426 (Fla. 4th Cir. Ct.).[1]

In the Amended Petition, Dustin alleges that Detective Anderson of the Clay County Sheriff's Office made false statements in a probable cause affidavit that resulted in Dustin's arrest on the second-degree murder charge.

---

[1] The Court takes judicial notice of the state court criminal docket. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020) (finding the district court could properly notice the state court docket sheet in petitioner's criminal cases).

Amended Petition at 1. He alleges Detective Anderson fabricated the amount of stab wounds that the alleged victim sustained and where the stabbing occurred. Id. at 15–16. According to Dustin, Detective Anderson also omitted that Dustin sustained defensive wounds during the incident. Id. at 12. Dustin argues that the State is maliciously prosecuting him for this crime, and he asks the Court to "give [him] fair justice in being liberated from this wrongful detention." Id. at 32.

Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted). "In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45).

Here, the Court declines to interfere in Dustin's ongoing state proceedings. Dustin neither makes a "substantial allegation" showing that bad faith motivated his state prosecution, nor does he make a viable claim of irreparable injury. Notably, the fact that he must defend against a criminal prosecution is insufficient to establish irreparable injury. See Younger, 401 U.S. at 46. Florida courts also have adequate and effective state procedures, which are available to Dustin. Indeed, Dustin appears to allege a probable cause hearing occurred in which the state court determined the validity of his arrest. Doc. 5 at 7. Accordingly, the Amended Petition is due to be dismissed without prejudice.

Therefore, it is now **ORDERED:**

1. The Amended Petition (Doc. 4) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3

3.     If Dustin appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability.[2] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-9 12/15
c:    Danny Richard Dustin, #133604

---

[2] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Dustin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

4